Dear Mr. Knoll:
Your opinion request to the Attorney General has been referred to me for response. The request raises a question under Louisiana's dual office holding law LSA-R.S. 42:61 et seq. as follows:
 Can an Avoyelles Parish Police Juror simultaneously hold the position of director of the Avoyelles Parish Communications District?
As background information, we note that the Communications District was created by a Police Jury ordinance dated July 9, 1991 and is, in accord with LSA-R.S. 33:9101 et seq., a separate political subdivision of the state of Louisiana. Further, the Commissioners of the District were appointed by the Police Jury, effective November 12, 1991. The Commissioners of the District appoint the Director. The Director's job is a full time position.
The two positions are in different political subdivisions of the state, see LSA-R.S. 42:62(9).
We must next address the status of the two positions. The Police Juror post is a local elective office under LSA-R.S.42:61(1). The District Director job is not, standing alone an "appointive" office under LSA-R.S. 42:62(2) because it is not a position specifically established or specifically authorized by the Constitution or laws of the state or local ordinances. However, we are informed that the Director will be a commissioned Deputy Sheriff, which is a position or job specifically authorized by state statute. As stated above, the Director is appointed by the Commission, which is appointed by the Police Jury. Therefore, the Director's job is a local full-time "appointive" office under LSA-R.S. 42:62(2). As such, this combination of offices is prohibited by LSA-R.S. 42:63(D) which states in pertinent part as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof . . .
We further note that the last paragraph of "D" contains another prohibition;
 "In addition, no sheriff, assessor or clerk of court shall hold any office or employment under a parish governing authority or school board nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court."
These two clauses prohibit this combination of offices.
In light of the above, we need not address the question of whether or not these offices are "Incompatible offices" under LSA-R.S. 42:64 which in general prohibits a person from holding a job that answers to another job or group of persons, which he holds or to which he belongs. Obviously, this section could also be impacted since the Police Jury appoints the Commissioner, which then appoints the Director of the District, who is a Police Juror.
Therefore, it is the opinion of this office that a Police Juror, may not, at the same time serve as the Director of a Communications District, as an appointed deputy sheriff.
Trusting the above answers your question, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:cdw-0112e